UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

| | |
|---|---|
| Nathaniel Parks and Rasheeda Adderley,<br><br>         Plaintiffs,<br><br>-against-<br><br>Joseph Carrasco, in his individual capacity; Catherin Melendez, in her individual capacity; Cortney Allen, in his individual capacity; Flavio Rodriguez, in his individual capacity; and Francis Zito, in his individual capacity,<br><br>         Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>11 Civ. 6778 (DLC) |

----------------------------------------------------------------

## PRELIMINARY STATEMENT

Defendants Officer Joseph Carrasco, Sergeant Flavio Rodriguez, Officer Catherin Melendez, Officer Cortney Allen and Officer Francis Zito hereby submit the instant reply memorandum of law in further support of their motion to dismiss plaintiff Parks' claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. By motion dated May 14, 2012, defendants sought dismissal of plaintiff Nathaniel Parks' claims on the grounds that plaintiff's execution of a prior General Release in another matter, bars the filing of the instant lawsuit. In their opposition papers dated May 29, 2012, plaintiffs argue that Parks' claims are not barred because the defendants in the instant case could not have been properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure, and therefore, the defendants were not released by the language of the General Release. For the reasons set forth herein, and in defendants' May 14th motion, defendants respectfully submit that plaintiff Parks' claims should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### POINT I

### PLAINTIFF'S EXECUTION OF THE PRIOR RELEASE BARS THE INSTANT ACTION

Both the Second Circuit and District Courts in this Circuit have held that releases containing the same language used here bars claims made under similar circumstances where a plaintiff enters into a settlement, executes a general release, and then brings a new lawsuit alleging other claims that "could have been alleged" in a prior action. In Tromp, the Second Circuit found that the language of defendants' General Release is "plain and unambiguous, and it is broad in scope." Tromp v. City of New York, et al., No. 11-4132-cv, Summary Order at *4 (2d Cir. March 8, 2012).

In their opposition papers, plaintiffs argue that Tromp does not have precedential effect in the instant matter because it was a summary order, and that the Court's "fact- specific" inquiry cannot be properly analyzed without knowing the facts underlying that case. While defendants agree that Tromp was a summary order, the material facts on which the Court relied are essentially the same as the instant case. In Tromp, plaintiff filed suit against the City of New York and certain police officers on October 28, 2010, alleging that his constitutional rights were violated on September 10, 2010. Id. On March 16, 2011, plaintiff's claims were dismissed pursuant to a general release that was identical to the release at issue in the instant matter. On or about June 10, 2011, the plaintiff in Tromp filed another lawsuit against different police officers alleging a violation that occurred on June 17, 2010. Id. The Second Circuit held that "[a]lthough the June 17, 2010 incident involved a different arrest, it was similar in nature to the arrest that was the subject of Tromp I. Therefore, the allegations at issue here 'could have been alleged' in Tromp I." Id. at *4. In essence, even though the second lawsuit involved a different arrest,

different officers and occurred on an entirely different date, the Court affirmatively held that plaintiff's claims "could have been alleged" in the first lawsuit and thus, were barred by the general release.

The facts and circumstances in the instant case are strikingly similar. In the instant case, plaintiff Nathaniel Parks filed a lawsuit on August 11, 2010, and an Amended Complaint on February 4, 2011, alleging that on September 26, 2009, he was falsely arrested and subjected to excessive force by various New York City police officers. A settlement agreement in that matter was reached on or about March 31, 2011, whereby the City paid Mr. Parks the sum of $10,000.  In connection with that settlement, plaintiff Parks also executed a General Release wherein he agreed to "release and discharge "the defendants' successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Police Department, from *any and all claims which were or could have been alleged by me in the aforementioned action*, including all claims for attorneys' fees, expenses and costs." (emphasis added). Yet, plaintiffs Nathaniel Parks and Rasheeda Adderley filed the instant complaint against the City of New York and the defendant officers on September 27, 2011, alleging that on January 16, 2010, plaintiff Parks was unlawfully arrested and subjected to excessive force and plaintiff Adderley was subjected to excessive force.

In his opposition, plaintiffs argue that because certain facts and claims of the arrests are different, they are not logically related for the purposes of Fed. R. Civ. P. 20 and thus, Parks is not bound by the general release he signed. However, since the requirements of Rule 20 are read liberally, Parks' claims clearly could have been brought in the first action. A.I.A. Holdings, S.A. v. Lehman Brothers, Inc., 1998 U.S. Dist. LEXIS 4175, at *19 (S.D.N.Y. Mar.

27, 1998) (stating that "[t]he requirements of Rule 20 are to be given a liberal interpretation…to enable the court to 'promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding'") (quoting Kovian v. The Fulton County Nat'l Bank and Trust Co., 1990 U.S. Dist. LEXIS 3526 (S.D.N.Y. Mar. 28, 1990)). To support their argument that joinder of the previous claims is improper plaintiffs cite two cases in which a motion to sever was granted: Corporan v. City of Binghamton, 2006 U.S. Dist. LEXIS 74963 (N.D.N.Y Oct. 16, 2006) and Deskovic v. City of Peekskill, 673 F.Supp.2d 154 (S.D.N.Y. 2009). However, for the following reasons, the circumstances in those cases are different. For instance Corporan involved multiple plaintiffs alleging claims against multiple defendants. The Court in that case used its broad discretion in weighing the factors regarding severance, and ultimately granted the defendants' motion to sever some, but not all, of the claims. In the instant matter, there is the same plaintiff for both of the two incidents, both of which involved Parks and New York City police officers. Both causes of action could have been joined. Moreover, in the Deskovic case, a court severed plaintiff's claims against municipal and police defendants from those against correction officer defendants. The Court held that the misconduct alleged against the correction officer was a different type than that alleged against the other defendants. Once again, that same analysis does not apply in the instant matter. Here, both of plaintiff Parks' lawsuits were against New York City Police officers. While the specific facts of each incident are different, they could have been joined in one pleading.

In its ruling in Tromp, the Second Circuit was clear that the language of the General Release includes those "claims arising out of separate, 'pre-existent' events, much like the issue in the present case. Tromp, at *4. In their original motion papers, defendants cited several instances in which plaintiffs have brought suit in federal court alleging multiple

instances. The law is well-settled that releases containing language similar to that which was used in the instant action, bar future claims that "could have been alleged" in a prior action. E.g., Tromp, at *4; Lewis v. City of New York, 2011 U.S. Dist. LEXIS 83289 (E.D.N.Y. July 28, 2011); Madison Square Garden v. National Hockey League, 07 Civ. 8455 (LAP), 2008 U.S. Dist. LEXIS 80475, at *18-19 (S.D.N.Y. Oct. 10, 2008); Sibersky v. Borah, Goldstein, Altschuler and Schwartz, 99 Civ. 3227 (JGK), 2002 U.S. Dist. LEXIS 13218, at *14-19 (S.D.N.Y. July 15, 2002). The result that defendants seek here serves the judicial goal of "finality" to litigation, the prevention of endless successive lawsuits involving the same parties, and tactical gamesmanship such as that employed here, where the complaint in this action was served within two months after the first lawsuit was settled. The General Release is wholly unambiguous and thus requires that plaintiff Parks' claims in this lawsuit be dismissed.

- 6 -

## CONCLUSION

For the reasons set forth herein, and in defendants' May 14th motion, plaintiff Nathaniel Parks' claims should be dismissed, in their entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         June 1, 2012

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants Officer Carrasco,*
                                        *Officer Melendez, Officer Allen, Officer Zito*
                                        *and Sergeant Rodriguez* 100 Church Street
                                        New York, New York 10007

                                                /S
                                        By:_____
                                           Brian J. Farrar
                                           Assistant Corporation Counsel
                                           Special Federal Litigation Division

To:   Darius Wadia, Esq. (By ECF)
       *Attorney for Plaintiff*